# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

KATRINA RENAE GRAHAM,

    Petitioner,

vs.                                  Case No.:    3:16-cv-851-J-39JRK
                                                               3:14-cr-128-J-39JRK

UNITED STATES OF AMERICA,

    Respondent.

## ORDER

This case is before the Court on Petitioner Katrina Renae Graham's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Civ. Doc. 1, § 2255 Motion).[1] The United States responds that the § 2255 Motion is untimely. (Civ. Doc. 4, Response). Graham has filed two reply briefs, although neither addresses the timeliness issue. (Civ. Doc. 5, First Reply; Civ. Doc. 6, Second Reply). The § 2255 Motion is ripe for a decision.

Under 28 U.S.C. § 2255 and Rule 8(a) of the Rules Governing Section 2255 Proceedings, the Court has determined that a hearing is not necessary to resolve the merits of this action. See Rosin v. United States, 786 F.3d 873, 877 (11th Cir. 2015) (an evidentiary hearing on a § 2255 motion is not required when the petitioner asserts allegations that are affirmatively contradicted by the record or patently frivolous, or if in assuming the facts that he alleges are true, he still would not be entitled to any relief). For the reasons set forth below, Graham's § 2255 Motion is due to be dismissed.

---

[1] Citations to the record in the underlying criminal case, United States v. Katrina Graham, No. 3:14-cr-128-J-39JRK, will be denoted as "Crim. Doc. \_\_." Citations to the record in the civil 28 U.S.C. § 2255 case, No. 3:16-cv-851-J-39JRK, will be denoted as "Civ. Doc. \_\_."

1

**I.     Background**

On July 30, 2014, a grand jury charged Graham with one count of conspiracy to commit theft of government property (Count One), in violation of 18 U.S.C. § 371, and eleven counts of theft of government property (Counts Two through Twelve), in violation of 18 U.S.C. § 641. (Crim. Doc. 1, Indictment). The charges arose from a scheme in which Graham deposited more than $300,000 worth of fraudulent tax returns into her business checking account. Graham pled guilty to Counts One through Six pursuant to a written plea agreement. (Crim. Doc. 27, Plea Agreement; see also Crim. Doc. 40, Plea Transcript). In doing so, Graham admitted that the amount of fraudulent deposits totaled $366,438.80. Plea Agreement at 21-25; Plea Tr. at 29-33. In exchange for her plea of guilty, the United States agreed to dismiss Counts Seven through Twelve and to recommend as much as a three-level reduction under the United States Sentencing Guidelines for acceptance of responsibility. Id. at 4-5.

Before sentencing, the Probation Office prepared a Presentence Investigation Report (PSR), which recommended that Graham's total offense level was 17 and that her Criminal History Category was III, yielding an advisory sentencing range of 30 to 37 months in prison. PSR at ¶¶ 39, 52, 95.[2] At the sentencing hearing, Graham confirmed that she had reviewed the PSR with her attorney. (Crim. Doc. 41, Sentencing Transcript at 5-6). Other than an objection to the PSR erroneously stating that Graham had previously been convicted or prosecuted for passing worthless checks (which did not affect the

---

[2]     The total offense level was calculated as follows: a base offense level of 6 under U.S.S.G. § 2B1.1(a)(2); a 12-level enhancement under § 2B1.1(b)(1)(G) because the loss was more than $200,000 but not more than $400,000; a 2-level enhancement under § 2B1.1(b)(2)(A)(i) because the offense involved 10 or more victims; and a three-level reduction for acceptance of responsibility under §§ 3E1.1(a) and (b). PSR at ¶¶ 29-39.

Guidelines calculation in any event), Graham and her counsel had no objections to the PSR. See id. at 3-6. Thus, the Court adopted the PSR's Guidelines calculation, id. at 8, and sentenced Graham to concurrent terms of 30 months in prison as to each of Counts One through Six, followed by a three-year term of supervised release, id. at 14-15. The Court also ordered Graham to pay $366,348.80 in restitution to the Internal Revenue Service (IRS). Id. at 16. Graham did not object to the sentence. Id. at 19.

The Court entered the judgments on May 29, 2015. (Crim. Doc. 36, Forfeiture Judgment; Crim. Doc. 37, Judgment). Graham did not file a notice of appeal thereafter. As such, her conviction and sentence became final 14 days later, or on June 12, 2015, when time expired to file a notice of appeal. See Fed. R. App. P. 4(b)(1)(A); Adams v. United States, 173 F.3d 1339, 1342 n.2 (11th Cir. 1999) (when a defendant does not appeal the judgment, the conviction and sentence becomes final when time expires to file a notice of appeal).

**II.    Discussion**

According to Graham, she filed the § 2255 Motion on June 20, 2016, more than one year after her conviction and sentence became final. See § 2255 Motion at 13. Graham challenges her sentence on four grounds, but they all revolve around the same themes: that the Court miscalculated her Guidelines range and restitution by using the wrong loss amount, that the Court erred by applying a 2-level enhancement for the number of victims, and that counsel was ineffective for failing to object to the alleged Guideline errors. See § 2255 Motion at 4-8. Additionally, although not listed under any ground, Graham seems to claim that counsel was ineffective for allowing her to plead guilty to charges that were both multiplicitous and duplicitous. See id. at 10.

3

The United States responds that the § 2255 Motion is untimely under 28 U.S.C. § 2255(f)(1) because Graham filed it more than one year after her conviction and sentence became final. See Response. Graham then filed two reply briefs, but neither one addresses the timeliness issue. See First Reply Brief; Second Reply Brief. Rather, both reply briefs expand on the merits of Graham's claims without addressing the statute of limitations.

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a federal prisoner may move to vacate, set aside, or correct her sentence within a one-year limitations period. 28 U.S.C. § 2255(f). The statute of limitations runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Id. "Typically, the applicable triggering date is 'the date on which the judgment of conviction becomes final.'" Beeman v. United States, 871 F.3d 1215, 1219 (11th Cir. 2017) (quoting 28 U.S.C. § 2255(f)(1)), cert. denied, 139 S. Ct. 1168 (2019). Thus, the alternative trigger dates set forth in §§ 2255(f)(2)-(4) tend to be the exception rather than the rule.

Here, Graham contends her § 2255 Motion is timely under § 2255(f)(1) and § 2255(f)(4). § 2255 Motion at 12. However, § 2255(f)(1) is plainly unavailing. As noted above, Graham's conviction and sentence became final on June 12, 2015, when the 14-

4

day period to file a notice of appeal expired. By her own admission, Graham filed the § 2255 Motion on June 20, 2016, which is more than one year after her conviction and sentence became final. See § 2255 Motion at 13. As such, the § 2255 Motion is not timely under § 2255(f)(1).

Graham's claim that the motion is timely under § 2255(f)(4) fares no better. Section 2255(f)(4)'s one-year limitations period "begins to run when the facts could have been discovered through the exercise of due diligence, not when they were actually discovered." Aron v. United States, 291 F.3d 708, 711 (11th Cir. 2002) (emphasis in original). "This is indeed the language of the statute; the beginning of the one-year period is triggered by a date that is not necessarily related to a petitioner's actual efforts or actual discovery of the relevant facts." Id. Although § 2255(f)(4) "does not require maximum feasible diligence," it does require that the petitioner make "reasonable efforts" to discover the factual predicate of her claim(s). Id. at 712 (citing Wims v. United States, 225 F.3d 186, 190 n.4 (2d Cir. 2000)).

> In conducting the inquiry under § 2255(f)(4), the district court should first consider whether the petitioner exercised due diligence. [Aron, 291 F.3d at 711]. If the court finds that he did so, then the one-year limitations period begins to run on the date he actually discovered the relevant facts because the dates of actual and possible discovery would be identical. Id. But:
>
>> [I]f the court finds that the petitioner did not exercise due diligence, the statute does not preclude the possibility that the petitioner's motion could still be timely under § 2255[f](4). For example, if the court concludes that, with the exercise of due diligence, the relevant facts could have been discovered two months earlier than the petitioner (who it finds did not exercise due diligence) actually discovered them, then the motion would still be timely if filed within ten months of the date of actual discovery.
>
> Id. (emphasis in original). Accordingly, if the district court finds that the petitioner did not exercise due diligence, it is required to speculate about the

date on which the facts could have been discovered with the exercise of due diligence. Id. at 711 n. 1.

Dauphin v. United States, 604 F. App'x 814, 817-18 (11th Cir. 2015) (citing Aron, 291 F.3d at 711 & n.1).

Here, Graham alleges no facts from which the Court can infer that she exercised due diligence for purposes of § 2255(f)(4). Graham mentions § 2255(f)(4) but does not elaborate any further. See § 2255 Motion at 12.[3] Moreover, the facts supporting each of Graham's claims could have been discovered with reasonable diligence – or more accurately, were actually been known to Graham – more than one year before she filed the § 2255 Motion. All of Graham's claims revolve around the alleged miscalculation of her Guidelines sentencing range and restitution, alleged defects in the indictment, and counsel's alleged ineffectiveness in not objecting to the purported errors. But Graham was aware of the charges in the Indictment when she pled guilty. Plea Tr. at 14-17. Graham was present for the entire sentencing hearing, at which the Court discussed the Guidelines calculation, the amount of restitution, and announced the sentence. Graham also confirmed at the sentencing hearing that she had reviewed the PSR with her attorney. Sentencing Tr. at 5-6. Thus, Graham knew or must have known the facts supporting her claims no later than the date of the sentencing hearing, May 27, 2015 – which is before her conviction and sentence became final. Therefore, § 2255(f)(4) cannot save Graham's § 2255 Motion because it does not provide a later start-date for the statute of limitations than § 2255(f)(1). In any event, Graham did not file the § 2255 Motion within one year of "the date on which the facts supporting the claim or claims presented could have been

---

[3] Likewise, there is no indication that Graham is entitled to equitable tolling, or that Graham has pled such an entitlement.

discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4).

**III. Conclusion**

Having considered the parties' filings and arguments, the Court has determined that Graham's § 2255 Motion is barred by § 2255(f)'s statute of limitations. Neither § 2255(f)(1) nor § 2255(f)(4) can render the motion timely. Accordingly, it is hereby **ORDERED:**

1. Petitioner Katrina Renae Graham's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Civ. Doc. 1) is **DISMISSED**.

2. The Clerk should enter judgment in favor of the United States and against Graham, and close the file.

3. If Graham appeals the denial of her motion, the Court denies a certificate of appealability (COA).[4] Because this Court has determined that a COA is not warranted, the Clerk shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** at Jacksonville, Florida this 6th day of June, 2019.

BRIAN J. DAVIS
United States District Judge

---

[4] This Court should issue a COA only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Upon due consideration, this Court finds that a COA is not warranted.

lc 19

Copies:
Counsel of record
Petitioner